UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 14-990 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On May 28, 2014, plaintiff Rosie Thompson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 2, 2014 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 1, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 197, 200). Plaintiff asserted that she became disabled on December 15, 2009, due to back, hip, knee and vision problems, and arthritis in both hands. (AR 234). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert, and a vocational expert on May 22, 2013. (AR 66-89).

On May 31, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 13-23). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: hypertension, high cholesterol, asthma, chronic obstructive pulmonary disease (COPD), tobacco use disorder, obesity, status post left ankle fracture in 2003, status post surgical fixation, and osteoarthritis in bilateral hands, bilateral knees, and right elbow (AR 15); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 16); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. §§ 404.1567(a), 416.967(a)) with additional limitations[1] (AR 16); (4) plaintiff could perform

---

[1]The ALJ also determined that plaintiff (i) was precluded from using her left lower extremity for pushing or pulling or operating foot controls; (ii) could occasionally climb stairs, bend, balance, and stoop; (iii) was precluded from kneeling, crouching or crawling, and precluded from climbing ladders, ropes, or scaffolds; (iv) could not work at unprotected heights or around dangerous or fast-moving machinery; (v) was limited to occasional overhead reaching with the left upper extremity and frequent overhead reaching with the right upper extremity; (vi) was limited to frequent gross and fine manipulation bilaterally; and (vii) was precluded from concentrated exposure to dust, fumes, or gasses. (AR 16).

past relevant work as Cashier I (AR 22); and (5) plaintiff's allegations regarding her limitations were not entirely credible (AR 18).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

3

|     |     |     |
| --- | --- | --- |
| (4) | | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B.    Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ's determination at step four that she could perform her past relevant work is the product of legal error.  (Plaintiff's Motion at 11-15).  The Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

At step four, claimants have the burden to show that they no longer have the capacity to perform their past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844 (2001).  The Commissioner may deny benefits at step four if a claimant can still perform (1) a specific prior job as "actually performed"; or (2) the same kind of work as it is "generally performed" in the national economy.  Id. at 845 (citing Social Security Ruling ("SSR") 82-61);[2] SSR 82-62 at *3.

Although a claimant has the burden of proof at step four, an ALJ must still make "the requisite factual findings" to support his or her conclusions.  Pinto, 249 F.3d at 844.  An ALJ's determination at step four "must be developed and explained fully" and, at a minimum, contain the following specific findings of fact: (1) the claimant's residual functional capacity; (2) the physical and mental

---

[2] Although they do not carry the "force of law," Social Security Rulings are binding on ALJs.  See 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citation and internal quotation marks omitted).  Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." Molina v. Astrue, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings).

demands of the past relevant job/occupation; and (3) that the claimant's residual functional capacity would permit a return to his or her past job or occupation. SSR 82-62 at *3-*4.

When classifying a claimant's past relevant job as "actually" performed, ALJs consider "a properly completed vocational report" as well as the claimant's testimony. Pinto, 249 F.3d at 845 (citing SSR 82-41; SSR 82-61). The best source for information regarding how an occupation is "generally" performed is usually the Dictionary of Occupational Titles ("DOT"). Id. at 845-46 (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). An ALJ may also obtain testimony from a vocational expert "where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed." SSR 82-61 at *2.

All occupations involve "a myriad of" functions that may require differing levels of mental and physical abilities. Valencia v. Heckler, 751 F.2d 1082, 1086 (9th Cir. 1985); Lee v. Astrue, 2012 WL 3637637, *4 (W.D. Wash. July 26, 2012), report and recommendation adopted, 2012 WL 3637635 (W.D. Wash. Aug. 23, 2012). An ALJ may not classify a claimant's past relevant work based solely on "the least demanding" of those functions. Valencia, 751 F.2d at 1086. In addition, where past relevant work consists of "significant elements of two or more occupations" (i.e., is a "composite job"), benefits may not be denied based on a claimant's ability to do the same type of work as "generally performed." Lee, 2012 WL 3637637 at *5-*6 (citations omitted); see also Program Operations Manual ("POMS") § DI 25005.020(B) ("When comparing the claimant's RFC to a composite job . . . do not evaluate [a composite job] at the part of step 4 considering work 'as generally performed in the national economy.'").[3] A "composite" job necessarily has no specific counterpart in the DOT, and thus must

---

[3]The POMS manual is considered persuasive authority, even though it does not carry the "force and effect of law." Hermes v. Secretary of Health & Human Services, 926 F.2d 789, 791 n.1 (9th Cir.), cert. denied, 502 U.S. 817 (1991).

be evaluated "according to the particular facts of each individual case." SSR 82-61 at *2. A claimant may be found capable of performing such a composite job only if he or she is able to perform the requirements of all elements of the prior position. Id.; see also POMS § DI 25005.020(B).

### B. Analysis

Here, the Court cannot conclude that the ALJ's determination at step four is supported by substantial evidence and free of material error.

First, the ALJ stated "[i]n comparing [plaintiff's] residual functional capacity with the physical and mental demands of [the past relevant work as a Cashier I], the [ALJ] finds that [plaintiff] is able to perform it as actually and generally performed." (AR 23). At step four, however, the ALJ was required to set forth a detailed explanation of the basis for each of her findings. See Pinto, 249 F.3d at 847 ("[R]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.") (citation and quotation marks omitted). The ALJ's boilerplate step four findings were inadequate under this standard. See id. ("When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review.") (citation and quotation marks omitted).

Moreover, the ALJ's specific finding that plaintiff could perform the position of Cashier I "as actually . . . performed" conflicts with the vocational expert's testimony – which the ALJ summarized and adopted – that plaintiff could not do the Cashier I position "as [actually] performed." (AR 2) (citing AR 86). Such incorrect characterization of the evidence calls into question the validity of both the ALJ's evaluation of the vocational expert's testimony and the ALJ's decision as a whole. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility

determination); <u>Lesko v. Shalala</u>, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

      Second, even so, substantial evidence does not support the ALJ's determination, based on the vocational expert's testimony, that plaintiff could perform past relevant work of Cashier I (DOT # 211.362-010) "as generally performed." (AR 22). Plaintiff did not specifically identify the job of "cashier" in any vocational report or in her hearing testimony. (AR 71-72, 243-46). In a Work History Report plaintiff listed a prior job at "Carmart" and described what she "did . . . all day" at the job as "started out helping in Sales, then went to a salesing [sic] cars, feet were bad went to sitting dwn [sic] payment taker." (AR 243-44). To the extent the vocational expert categorized the Carmart job using the DOT's generic occupational classification of "Cashier I," the vocational expert's testimony that plaintiff could still perform the reclassified prior work as "generally performed" was insufficient to support the ALJ's non-disability determination at step four. <u>Pinto</u>, 249 F.3d at 846 ("Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable.") (quoting SSR 82-61). The vocational expert's opinion also had no evidentiary value to the extent the vocational expert classified plaintiff's Carmart position according to its "least demanding" function (<i>i.e.</i>, "sitting down [payment] taker"). <u>See, e.g.</u>, <u>Valencia</u>, 751 F.2d at 1086. In addition, assuming the Carmart job consisted of "three separate positions," as defendant asserts (Defendant's Motion at 8), the ALJ's determination that plaintiff could do only one of those positions was, nonetheless, insufficient to deny benefits at step four. <u>See Lee</u>, 2012 WL 3637637 at *6-*7 (citation omitted); SSR 82-61 at *2; <u>see also</u> POMS § DI 25005.020(B). Although, as defendant suggests (Defendant's Motion at 8), the ALJ may be able to conclude that plaintiff's Carmart job had a discrete cashier element that would qualify on its own as past

relevant work, the ALJ did not find as much in the administrative decision. This Court may not affirm the ALJ's non-disability determination based on reasons not articulated by the ALJ. See Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196(1947)) ("[courts] may not uphold an [ALJ's] decision on a ground not actually relied on by the agency"); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (same).

Finally, the Court cannot find the ALJ's errors harmless. Defendant points to no other persuasive evidence in the record which could support the ALJ's determination at step four that plaintiff was not disabled. See, e.g., Pinto, 249 F.3d at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 26, 2014

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (citation and internal quotation marks omitted).